IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD STOCKTON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 1:24 CV 35 |
| ) | |
| v. ) | Judge Susan Paradise Baxter |
| ) | Magistrate Judge Maureen P. Kelly |
| LAUREL HARRY, *Secretary of Corrections,* ) | |
| *et al.,* ) | Re: ECF No. 14 |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

Pending before the Court is Defendants' Motion to Revoke Plaintiff's IFP Status. ECF No. 14. For the following reasons, the Motion is granted.

Since February 24, 2024, Plaintiff Ronald Stockton ("Stockton") has filed twenty-four civil rights lawsuits in this Court.[1] In nearly all, he has filed motions for leave to proceed *in forma pauperis*. *In forma pauperis* is a statutory privilege enacted to ensure that indigent individuals, including prisoners, may pursue meaningful litigation. Under the statute, 28 U.S.C. § 1915, as amended, a prisoner who is allowed to proceed *in forma pauperis* is not excused from paying filing fees, but is only excused from pre-paying them in full if he or she meets certain criteria. Prisoners who qualify for *in forma pauperis* status pay an initial partial fee, followed by installment payments until the entire fee is paid. 28 U.S.C. § 1915(b)(1).

This Court reviewed Stockton's complaints and identified 304 named defendants, and unpaid and likely uncollectible filing fees totaling $8400. See Stockton v. Harry, No. 1:24-33 (ECF

---

[1] See Stockton v. Harry, No. 1:24-33 (ECF No. 23) (W.D. Pa. Jan. 8, 2025) (listing 22 of the 24 lawsuits). Stockton has since added two cases to his portfolio. See Stockton v. Shapiro, No. 2:24-1612 and Stockton v. Walker, No. 2:24-1619.

1

No. 23), see also fn. 1, supra listing two more recently filed cases. In Harry, Stockton asserted claims against 15 defendants for, among others, "cruel and unusual punishment; deliberate indifference; failure to protect; violation of the America Disabilities Act [sic]; conspiracy to embezzele [sic] funds" arising out of the distribution of free but expired tubes of toothpaste with the caps removed. Id.

The Court's review culminated in an Order issued on January 8, 2025, prohibiting Stockton from proceeding *in forma pauperis* in this Court absent a showing of imminent danger of serious physical injury, as provided in 28 U.S.C. § 1915(g). Id. The Court determined that this extreme remedy was compelled by Stockton's history of abuse of the litigation process and the *in forma pauperis* privilege.

In reaching its decision, the Court also reviewed Stockton's filings in the United States District Court for the Middle District of Pennsylvania. Id. As a result of his abusive litigation practices in 12 other actions filed there, United States District Judge Jennifer Wilson issued an order prohibiting Stockton from proceeding *in forma pauperis* unless he can show that he is in imminent danger, as stated in 28 U.S.C. § 1915(g). See Stockton v. Sup't McGinley, No. 22-902 (M.D. Pa.) (ECF Nos. 89 and 118).

On August 13, 2024, the United States Court of Appeals for the Third Circuit affirmed Judge Wilson's order denying him the privilege of proceeding *in forma pauperis* absent a showing of imminent danger of harm. Stockton v. McGinley, No. 23-2304, 2024 WL 3770305 (3d Cir. Aug. 13, 2024). The Third Circuit agreed that Stockton had not yet accumulated three strikes which would have otherwise barred him from receiving *in forma pauperis* status under the Prisoner

Litigation Reform Act ("PLRA").[2] Instead, the district court's order was occasioned by Stockton's abusive litigation history and was affirmed on that basis. Id.

In this case, the third of the 24 cases that Stockton filed here, he alleges that he faced retaliation because he filed grievances and allegations of sexual abuse against Department of Corrections employees and administrators in the Middle District of Pennsylvania. ECF No. 8 at 3-5. The alleged retaliation included the issuance of an allegedly false misconduct for repeatedly refusing to uncover his cell door window, the use of "oc spray" and a taser, and placement in a cell without property, water to wash his hands, or utensils for eight days. Id. 3-5. For his alleged injuries, Stockton seeks several million dollars in compensatory damages and injunctive relief in the form of an order requiring the termination of employment of each of the individual Defendants. On August 28, 2024, the Court granted Stockton's Motion for Leave to Proceed *In Forma Pauperis* to permit this litigation to proceed without prepayment of the required filing fees. ECF No. 7.

After service of the Complaint and based on Stockton's history of frivolous and abusive litigation, Defendants filed the pending Motion to Revoke Plaintiff's IFP status. ECF No. 14. Defendants point to Stockton's "excessive number of lawsuits against DOC and/or its staff that to date have been largely unsuccessful." ECF No. 15 at 5. Further, "[a]s to content and frequency, a review of the dockets reveals [Stockton] has a pattern of filing for preliminary injunctions, motions

---

[2] instituted several reforms  To curb abusive and frivolous prisoner litigation, Congress enacted the PLRA and instituted a number of reforms.

"Among other things, the PLRA amended the I.F.P. statute as it applies to prisoners. Under the statute as amended, a prisoner who is allowed to proceed I.F.P. is not excused from paying filing fees, but is only excused from pre-paying them in full if they meet certain criteria. The PLRA now requires prisoners who qualify for I.F.P. status to pay by way of an initial partial fee, followed by installment payments until the entire fee is paid. 28 U.S.C. § 1915(b)(1). Congress also added § 1915(g), the "three strikes rule," which limits a prisoner's ability to proceed I.F.P. if the prisoner abuses the judicial system by filing frivolous actions. Prisoners may avoid the limitation in this provision, however, if they are under "imminent danger of serious physical injury.'"

Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001)

to reconsider, miscellaneous filings and exhibits that do not effectively advance his cases to favorable outcomes but rather unnecessarily burden the defendants and courts." Id.

Stockton opposes the instant Motion on three grounds. ECF No. 28. First, Stockton argues that he has not yet incurred "three strikes" in his federal court litigation. Therefore, the Court cannot impose a filing restriction under 28 U.S.C. § 1915(g). Second, Stockton argues that Judge Wilson's Order in the Middle District is based on legal and factual error and thus cannot be the basis of any order in this Court. Third, he contends he adequately demonstrates imminent harm. Id.

Upon review of Defendants' Motion and Stockton's response, and in accordance with the Court's Order in Harry, the Court will grant Defendants' Motion and vacate the *ifp* Order entered on August 28, 2024.

As to Stockton's first and second arguments, the Court agrees that Stockton has not yet acquired three strikes under the PLRA. However, the Third Circuit affirmed Judge Wilson's imposition of a filing restriction on grounds other than the PLRA's three strikes rule. Stockton v. McGinley, 2024 WL 3770305, at *2. Contrary to Stockton's assertions, the three strikes rule is just one of the tools at the Court's disposal to control its docket and protect the Court and parties from abuse. Another tool is the filing limitation imposed by Judge Wilson and affirmed by the Third Circuit based on his abuse of the *in forma pauperis* privilege. That same tool was again deployed in Harry and was entered after consideration of Stockton's objections. As in McGinley, this Court's order in Harry is narrowly tailored to permit Stockton to show imminent danger as a prerequisite to proceeding without prepayment of the filing fee. Should he fail to do so, his litigation may proceed after payment of the filing fee in full. See Aruanno v. Davis, 679 F. App'x 213, 215–16 (3d Cir. 2017) (district court did not abuse its discretion to preclude *in forma pauperis*

4

privilege absent a showing of imminent harm based on the plaintiff's history of abusive filings, including "over 39 civil actions" and "45 appeals"). Similarly, here, Stockton will not be precluded from litigating his claims. Instead, he will need to show imminent danger of harm as a prerequisite to the privilege of proceeding *in forma pauperis.*

Stockton's final argument is based on an assertion of imminent harm arising from alleged retaliation including an allegedly unauthorized cell search, placement on the ground during the search to facilitate cuffing behind his back, the limited use of "oc spray" that he claims violated DOC policy because the shift commander was not contacted, and cell restrictions related to bedding and clothing for seven days. ECF No. 28. The Court will not consider Stockton's imminent harm claims at this time. Rather, if Stockton wishes to proceed with this litigation without prepayment of the required filing fee, the Court will await the filing of an appropriately supported Amended Motion for Leave to Proceed *In Forma Pauperis*, at which time the issue of imminent harm will be before the Court for resolution.

Accordingly, upon consideration of Defendants' Motion to Revoke Plaintiff's IFP Status, ECF No. 14, and Stockton's response, ECF No. 28, and for the foregoing reasons, IT IS HEREBY ORDERED that the Motion to Revoke Plaintiff's IFP Status is granted.

IT IS FURTHER ORDERED that in the event Plaintiff wishes to proceed with this litigation, he will pay the $405.00 filing fee in full or file an amended motion for leave to proceed *in forma pauperis* with an affidavit establishing imminent danger in accordance with 28 U.S.C. §1915(g) by **April 5, 2025**. The failure to do so will result in the dismissal of this action for failure to prosecute.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed 14 days from the date of this Order to file an

appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely appeal will waive any appellate rights.

Dated: March 5, 2025                              BY THE COURT:

                                                  ***/s/ Maureen P. Kelly*** 
                                                  UNITED STATES MAGISTRATE JUDGE


cc:   The Honorable Susan Paradise Baxter
      United States District Judge

      All counsel of record via ECF

      RONALD STOCKTON
      HJ-1537
      SCI FAYETTE
      50 Overlook Drive
      LaBelle, PA 15450